**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GERVIN FLORES SALGUERO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>EERKINS, INC.<br>d/b/a EERKINS UYGHUR CUISINE<br>2412 Wisconsin Avenue NW<br>Washington, DC 20007<br><br>NAEEM JAN<br>3604 Tupelo Court<br>Woodbridge, VA 22192<br><br>BILAAL AMIN JAN<br>3604 Tupelo Court<br>Woodbridge, VA 22192<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1.      Defendants own a growing restaurant brand, with locations in Virginia, D.C., and Maryland. But despite their success, Defendants paid Plaintiff a flat weekly salary that denied him minimum and overtime wages.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Gervin Flores Salguero is an adult resident of the District of Columbia.

6. Defendant Eerkins, Inc. is a Virginia corporate entity. It does business as Eerkins Uyghur Cuisine. Its principal place of business is located at 2412 Wisconsin Avenue NW, Washington, DC 20007. Its registered agent for service of process is Naeem Jan, 2412 Wisconsin Avenue NW, Washington, DC 20007.

7. Defendant Naeem Jan is an adult resident of Virginia. He resides at 3604 Tupelo Court, Woodbridge, VA 22192. He is an owner and officer of Defendant Eerkins, Inc. He exercises control over the operations of Eerkins, Inc. — including its pay practices.

8. Defendant Bilaal Amin Jan is an adult resident of Virginia. He resides at 3604 Tupelo Court, Woodbridge, VA 22192. Upon information and belief, Bilaal Jan is a manager at Eerkins Uyghur Cuisine. He exercises control over the operations Eerkins Uyghur Cuisine — including its pay practices.

9. Upon information and belief, Defendant Naeem Jan is Defendant Bilaal Amin Jan's father.

**Factual Allegations**

10. Defendants own and operate the restaurant Eerkins Uyghur Cuisine, located at 2412 Wisconsin Avenue NW, Washington, DC 20007.

11. Plaintiff worked at Eerkins Uyghur Cuisine from approximately December 13, 2019 through approximately March 5, 2020.

12. Plaintiff worked at Eerkins Uyghur Cuisine as a kitchen laborer.

13. Plaintiff's job duties at Eerkins Uyghur Cuisine primarily consisted of washing dishes, cutting vegetables, and making noodles.

14. Plaintiff typically and customarily worked six days per week.

15. Plaintiff typically and customarily worked fifty-four and a half hours per week.

16. For example, during the workweek that included January 24, 2020, Plaintiff worked 56.75 cumulative hours, as shown by the following time clock receipt:

```
            Clock Out report for Gervin

                  Shift Started at
      Friday, January 24, 2020 - 11:17:11 AM
                   Shift Ended at
      Friday, January 24, 2020 - 10:33:56 PM

                   Regular hours:
                    0.00 hours.
                     (00:00:00)
                   Overtime hours:
                    11.28 hours.
                     (11:16:39)
               Cumulative weekly hours:
                    56.75 hours.
                   (2.08:45:00)

      Total tips:                        $0.00
```

17. At all relevant times, Defendants paid Plaintiff a salary.

18. At all relevant times, Defendants paid Plaintiff a weekly salary.

19. At all relevant times, Defendants paid Plaintiff approximately the following weekly salaries:

| Approximate Dates | Weekly Salary | Effective Hourly Rate |
|---|---|---|
| Dec. 13, 2019–Jan. 12, 2020 | $250.00 | $4.59 |
| Jan. 13, 2020–Mar. 05, 2020 | $275.00 | $4.95 |

3

20. At all relevant times, Defendants paid Plaintiff in cash.

21. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

22. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

23. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24. At all relevant times, in addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable federal or D.C. minimum wage.

25. Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1)

26. D.C. law requires that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

27. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $7,828.50 in minimum and overtime wages (excluding liquidated damages).

28. Defendant Naeem Jan set, or played a part in setting, the restaurants hours of operation.

29. Defendant Naeem Jan oversaw all restaurant operations.

30. Defendant Naeem Jan authorized Defendant Bilaal Amin Jan to work as a manager at Eerkins Uyghur Cuisine.

31. Defendant Bilaal Amin Jan hired Plaintiff.

32. Defendant Bilaal Amin Jan set Plaintiff's work schedule.

33. Defendant Bilaal Amin Jan set Plaintiff's rate of pay.

34. Defendant Bilaal Amin Jan handed Plaintiff his weekly payment.

35. Defendant Bilaal Amin Jan supervised Plaintiff.

36. At all relevant times, Defendants had the power to hire and fire Plaintiff.

37. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

38. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

39. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

40. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

42. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

43. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

44. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

45. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

46. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

5

48. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

49. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

50. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

51. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

52. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

53. Defendants' violations of the FLSA were willful.

54. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, interest, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

55. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

57. The DCMWA requires that employers pay non-exempt employees at least $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

58. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

59. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

60. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

61. Defendants' violations of the DCMWA were willful.

62. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, interest, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

63. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

64. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

65. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

66. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within seven days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

67. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

68. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

69. Defendants' violations of the DCWPCL were willful.

70. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, interest, reasonable attorney's fees and expenses, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$34,166.00**, and grant the following relief:

    a. Award Plaintiff $31,314.00, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.     Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $2,452.00);

d.     Award Plaintiff court costs (currently, $400.00); and

e.     Award any additional relief the Court deems just.

Date: March 31, 2020                                       Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*